UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 4:20-CR-00432-2 SRC |
| v. | ) |
| | ) |
| RONALD SCOTT, | ) |
| | ) |
| Defendant. | ) |
| | ) |

GUILTY-PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are the defendant Ronald Scott, represented by defense counsel Robert Taaffe, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

A. **The Plea:** Pursuant to Rule 11(c)(1)(A), of the Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to Counts One and Two of the Indictment, the United States agrees that no further federal prosecution will be brought in this

District relative to Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment.

  **B.** **The Sentence:** The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The parties further agree that neither party shall request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

**3.** **ELEMENTS:**

  **A.** **Count One:** As to Count One, the Defendant admits to knowingly violating Title 18, United States Code, Section 1951(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

    (i) The Defendant knowingly robbed a commercial establishment engaged in interstate or foreign commerce;

    (ii) The robbery involved approximately $340 cash;

    (iii) The cash was in the custody of an employee of the commercial establishment; and

    (iv) The Defendant's actions affected commerce in some way or degree.

   B.   **Count Two:**   As to Count Two, the Defendant admits to knowingly violating Title 18, United States Code, Section 924(c), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

   (i)   The Defendant committed the crime of armed robbery as set forth in Count One of the indictment; and

   (ii)   The Defendant knowingly brandished a firearm in furtherance of that crime.

4.   **FACTS:**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On September 18, 2019, St. Louis Metropolitan Police Department ("SLMPD") officers were dispatched to a robbery that had occurred at the McDonald's Restaurant, located at 1119 North Tucker, Saint Louis, Missouri, within the Eastern District of Missouri. Restaurant employees reported that they were in the kitchen area and the manager walked to the cash register area and observed two men attempting to open the register drawer. One of the men was wearing a backpack. The manager yelled at the men to stop, at which point one of the men pointed a gun, with what appeared to be an extended magazine, at the manager and ordered the manager to "get back!" The men then removed the cash register drawer and ran from the store with the drawer. The restaurant employees reported that the men were wearing hoods over their heads, pulled tight over their faces, and were likely also wearing masks. While no employees could identify the men, the manager reported that he believed at least one of the men was an employee or former employee, as the men knew the steps to take to utilize the touch screen to open the cash register drawer. The

restaurant manager estimated that approximately $340 is cash was in the cash register drawer that the men took.

After the robbery, the men fled the McDonald's, entered a silver Chevrolet Impala with tinted windows, a spoiler, damage to the passenger side bumper and no front right headlight. The Impala fled north on 14th Street and, at Cass Avenue, one of the men threw the empty cash register drawer into the sewer. Surveillance video identified the Impala as having Missouri license plate JC2-X8T. Officers seized the cash register drawer from the sewer, but were unable to locate the Impala on September 18, 2019.

On September 20, 2019, a license plate recognition camera identified the Impala driving on Kienlen Avenue. Officers located the Impala parked and unoccupied on the parking lot of 2702 Kienlen Avenue. Officers conducted surveillance of the Impala and observed Keith Austin enter the driver's seat of the Impala, accompanied by several other individuals, and drive away. Officers pulled over the Impala, arrested Keith Austin, and searched the Impala. Located inside the Impala were McDonald's hats, a pay stub from the McDonald's located at 1119 North Tucker Boulevard, addressed to the Defendant, and personal paperwork belonging to Keith Austin.

Officers obtained consent to search Austin's home and located a backpack, consistent with the backpack worn by one of the men during the robbery. Inside the backpack was clothing consistent with the clothing worn during the robbery and two masks, one with a camouflage pattern and the other with a spider web pattern. Officers interviewed Keith Austin, who admitted to committing the robbery with the Defendant. Austin stated the Defendant had worked at the McDonald's prior to the robbery and the day of the robbery, both men were complaining of financial difficulties. The men agreed to rob the McDonald's. Austin stated the Defendant was in

possession of the gun and Austin drove the Impala to and from the robbery. Austin further stated that the clothing inside the backpack was what he wore during the robbery. Austin stated that he wore the camouflage pattern mask and the Defendant wore the spider web pattern mask. Austin stated that he and the Defendant obtained over $300 in cash from the robbery.

DNA analysis of the items seized from the backpack identified the Defendant's DNA on the spider web pattern mask, both the Defendant and Keith Austin's DNA on the camouflage pattern mask, and Austin's DNA on the clothing.

The Defendant was arrested on September 8, 2020. During an interview with SLMPD officers, the Defendant admitted to committing the robbery with Keith Austin. The Defendant stated that he pointed a gun at the restaurant manager during the course of the robbery. The Defendant stated that Austin drove the Impala to and from the robbery, that the Defendant sat in the front passenger seat, and that the Defendant discarded the empty cash register drawer in the sewer, after removing the money.

The McDonald's Restaurant located at 1119 North Tucker, Saint Louis, Missouri, is a commercial establishment engaged in interstate or foreign commerce and buys and sells articles and commodities that have been previously transported in interstate or foreign commerce.

The Defendant admits he brandished a firearm in furtherance of a crime of violence, specifically Armed Robbery as charged in Count One. Further, the Defendant admits that his actions affected commerce.

5.  **STATUTORY PENALTIES:**

    A.  **Statutory Penalties**:  The Defendant fully understands that the maximum possible penalties provided by law for the crimes to which the Defendant is pleading guilty are:

    **(i)**    <u>**Count One**</u>:    imprisonment of not more than twenty years, a fine of not more than $250,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not more than three years.

    **(ii)**    <u>**Count Two**</u>:    imprisonment of not less than seven years, but not more than life, consecutive to any other sentence imposed; a fine of not more than $250,000; or both such imprisonment and fine. The Court also may impose a period of supervised release of not more than five years. **The Defendant fully understands that the crime to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of seven years consecutive to any other sentence imposed.**

**6.**    <u>**U.S. SENTENCING GUIDELINES: 2018 MANUAL**</u>

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply:

**A.**    <u>**Offense Conduct**</u>:

<u>**COUNT ONE**</u>
<u>**ARMED ROBBERY**</u>

    **(i)**    <u>**Chapter 2 Offense Conduct**</u>:

    **(a)**    <u>**Base Offense Level**</u>: The parties agree that the Base Offense Level is 20 as found in Section 2B3.1(a).

    **(b)**    <u>**Specific Offense Characteristics**</u>: The parties agree that the following Specific Offense Characteristics apply: none known at this time.

    **(ii)**    <u>**Chapter 3 and 4 Adjustments**</u>:

Page **6** of **14**

      **(a)**    **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because the Defendant has clearly demonstrated acceptance of responsibility.

    The parties agree that if the Defendant does not abide by all of the agreements made within this document, the Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that the Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of the Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with the Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

## COUNT TWO
## POSSESSION OF FIREARM IN FURTHERANCE OF ARMED ROBBERY

    **(i)**    **Chapter 2 Offense Conduct**:

      **(a)**    **Base Offense Level**: The parties agree that the Base Offense Level is found in Section 2K2.4(b).

      **(b)**    **Specific Offense Characteristics**: The parties agree that the following Specific Offense Characteristics apply: none known at this time.

    **(ii)**    **Chapter 3 and 4 Adjustments**: Pursuant to Section 2K2.4(b) and Application Note 5, Chapters Three and Four do not apply. Therefore, as to Count Two, Defendant is not entitled to an acceptance of responsibility reduction under Section 3E1.1.

    **B.**    **Estimated Total Offense Level:** Based on these recommendations, the parties estimate that the Total Offense Levels are as follows:

    **(i)**    **Count One**: The parties agree that the Total Offense Level for Count One is 18, unless the Defendant is a Career Offender. Depending on the underlying offense and the Defendant's criminal history, the Defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds the Defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. The Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not a Career Offender.

    **(ii)**    **Count Two:** The parties agree that with respect to Count Two, the Defendant will receive a mandatory minimum sentence of 84 months, which will run consecutively to any other sentence Defendant may receive.

    **C.**    **Criminal History:** The determination of the Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category. The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

    **D.**    **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7.  **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

   A.  **Appeal:**  The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

   i.  **Non-Sentencing Issues:**  The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

   ii.  **Sentencing Issues:**  In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the Defendant within or below that range, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the Defendant within or above the determined Sentencing Guidelines range.

   B.  **Habeas Corpus:**  The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

   C.  **Right to Records:**  The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

    A. **Disclosures Required by the United States Probation Office:** The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

    B. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

    C. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The Defendant understands that parole has been abolished.

    D. **Mandatory Special Assessment:** This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which the Defendant agrees to pay at the time of sentencing. Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

E. **Possibility of Detention:** The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

F. **Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration, and costs of supervision. The Defendant agrees that any fine imposed by the Court will be due and payable immediately.

G. **Forfeiture:** The Defendant agrees to forfeit all of the Defendant's interest in all items seized by law-enforcement officials during the course of their investigation. The Defendant admits that all United States currency, weapons, property, and assets seized by law enforcement officials during their investigation constitute the proceeds of the defendant's illegal activity, were commingled with illegal proceeds, or were used to facilitate the illegal activity. The Defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the United States and to rebut the claims of nominees and/or alleged third party owners. The Defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine

adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the United States' case and any defenses.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

**11.     CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if the Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12.     **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

1/19/2022
Date

Jennifer L. Szczucinski
Assistant United States Attorney

1/18/2022
Date

Ronald Scott
Defendant

1/18/22
Date

49537

Robert Taaffe
Attorney for Defendant